**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000947
24-FEB-2016
07:58 AM**

NO. CAAP-15-0000947


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PAT ROCCO, Plaintiff-Appellant, v.
STEVEN D. STRAUSS, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3SC 15-1-000200)


ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-15-0000947 FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff-Appellant Pat Rocco's (Appellant Rocco) appeal from the Honorable Harry P. Freitas's October 6, 2015 order granting Defendant-Appellee Steven D. Strauss's motion to dismiss Appellant Rocco's complaint in Civil No. 3SC 15-1-0200, because Appellant Rocco filed his civil complaint in the Small Claims Division of the District Court of the Third Circuit, and Hawaii Revised Statutes (HRS) § 633-28(a) (Supp. 2015) expressly provides that "[t]here shall be no appeal from a judgment of the small claims division[.]"  Furthermore, Rule 12(b) of the Rules of the Small Claims Division of the District Courts provides that "[a] party may not appeal from a judgment of the small claims division."  Even if some other statute would have authorized an appeal from the October 6, 2015 dismissal order, Appellant Rocco did not file his December 22, 2015 notice of appeal within thirty days after entry of the October 6, 2015 dismissal order, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) requires for a timely appeal,

and, thus, Appellant Rocco's appeal is untimely. The Supreme Court of Hawai'i has consistently held that the failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000947 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 24, 2016.

Presiding Judge

Associate Judge

Associate Judge